UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ALDAS JASKULIS and SUZAN JASKULIS,   :
                     Plaintiffs,   :
                               :
         v.   :   No.   5:24-cv-4286
                               :
STATE FARM FIRE AND CASUALTY   :
COMPANY,   :
                     Defendant.   :
_____

**O P I N I O N**
Motion to Dismiss, ECF No. 16 - Granted

**Joseph F. Leeson, Jr.**                                                              November 15, 2024
**United States District Judge**

## I.    INTRODUCTION

Eighteen months after they incurred damage to their home, Plaintiffs brought suit. State Farm moves to dismiss the claims as time barred and legally insufficient.

## II.    BACKGROUND

The factual allegations, taken from the Second Amended Complaint, *see* ECF No. 14, are as follows:

On July 2, 2022, Plaintiffs incurred damage to their home in Lititz, Pennsylvania. *Id*. ¶¶ 7, 8. At that time, they held a homeowner's insurance policy with State Farm which covered the property. *Id*. ¶ 7. Plaintiffs subsequently provided notice of their loss to State Farm which denied the demand for policy benefits. *Id*. ¶ 9, 10.

On January 2, 2024, Plaintiffs demanded an appraisal pursuant to the policy which provides that, "[i]f you and we fail to agree on the amount of loss, either party can demand that

the amount of the loss be set by appraisal." ECF No. 18, Resp., Ex. A.[1] On January 22, 2024, State Farm rejected the appraisal request as untimely under the suit limitation provision which provides:

> **Suit Against Us**. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

SAC ¶ 16; Resp., Ex. A. In response, Plaintiffs filed the instant action in the Philadelphia County Court of Common Pleas on July 3, 2024. *See* ECF No. 1. On August 16, 2024, State Farm removed the matter to this Court. *Id.* On September 11, 2024, Plaintiffs filed a Motion to Remand which was denied on October 3, 2024. *See* ECF Nos. 9, 15. The Court's Order denying remand also deemed the SAC, *see* ECF No. 14, the operative complaint. *See* ECF No. 15. In Count I of the SAC, Plaintiffs bring a claim for breach of contract. In Count II, they bring a claim for bad faith.

On October 23, 2024, State Farm moved to dismiss the SAC. *See* ECF No. 16. That Motion is fully briefed and ready for disposition. For the reasons that follow, the Motion is granted.

### III.   LEGAL STANDARDS

#### A. Motion to Dismiss - Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d

---

[1] While Plaintiffs did not attach a copy of the homeowner's policy to the SAC, they expressly rely upon it in their pleading. Accordingly, the Court considers it here. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "a document integral to or explicitly relied upon in the complaint may be considered" in resolving a motion to dismiss) (internal quotations omitted).

Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, "a document integral to or explicitly relied upon in the complaint may be considered."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

  **B.**  **Bad Faith – Review of Applicable Law**

"To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 U.S. Dist. LEXIS 74496, at *9 (E.D. Pa. June 8, 2016).  To state a bad faith claim for an insurer's failure to pay a claim, "the

plaintiff must allege an underlying element of self-interest or ill will." *O'Brien v. Liberty Mut. Ins.*, No. 21-cv-01234, 2021 U.S. Dist. LEXIS 140495, at *5-6 (E.D. Pa. July 28, 2021). "Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith." *Id.* "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Camp*, 2016 U.S. Dist. LEXIS 74496 at *11.

### IV. ANALYSIS

State Farm moves to dismiss both counts of the SAC. In doing so, it argues that the breach of contract claim is time barred and the bad faith claim is insufficiently plead.

#### A. Count I: Breach of Contract

The suit limitation provision of the policy provides that, "[a]ny action by any party must be started within one year after the date of loss or damage." Resp., Ex. A. State Farm argues, and the Court agrees, that this provision bars the instant suit because it was filed more than two years after the date of loss.

First, "[a] policy's limitations period begins to run from the date of the occurrence of the destructive event insured against." *Long v. Farmers New Century Ins. Co.*, 267 F. Supp. 3d 530, 535 (E.D. Pa. 2017). Here, the date of the loss is July 2, 2022. However, Plaintiffs did not file the instant suit until July 3, 2024, over two years after the date of loss. Second, under Pennsylvania law, a 12-month suit limitation clause is valid and enforceable. *See Prime Medica Assocs. v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1156 (Pa. Super. 2009). Accordingly, because

the breach of contract claim was filed outside of the time afforded by a valid and enforceable suit limitation clause, the Court finds the claim time barred.[2]

Plaintiffs argue that *Erie v Bristol* changes the date on which their cause of action accrued. The Court disagrees, finding Judge Sanchez's reasoning in *Houtz v State Farm* persuasive. Therein, Judge Sanchez held that "*Bristol* was limited to the specific context of UM/UIM claims, animated by its own specific set of considerations" and noted that "no court has yet applied *Bristol* in" the context of an appraisal request to address fire damage under a homeowner's policy. *Houtz v. State Farm Fire & Cas. Co.*, No. CV 23-3579, 2024 WL 4556054, at *2 (E.D. Pa. Oct. 23, 2024). The Court agrees with this analysis and holds that *Bristol* has no bearing on the instant case.

The Court will dismiss Count I without prejudice. While this iteration of Plaintiffs' claim is insufficient, the Court does not find it would be futile to grant leave to amend.[3]

### B.    Count II: Bad Faith

"Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). Accordingly, a "plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.* (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)).

---

[2]    State Farm appropriately points out that a suit limitation clause may be waived by a party's conduct. *See Prime Medica*, 970 A.2d at 1156-57. However, Plaintiffs plead no facts nor offer any argument to this effect in the SAC or response.

[3]    *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

Here, many of the averments in support of the bad faith claim regard the denial of Plaintiffs' appraisal demand.  *See* SAC ¶¶ 26(c), (d), (f), (i), and (l).  Given the Court's analysis in Section IV.A, *supra*, the Court finds these averments cannot support a claim for bad faith because State Farm held a reasonable justification for denying the appraisal demand as it was untimely.  *See Houtz,* 2024 WL 4556054, at *3 (E.D. Pa. Oct. 23, 2024) (reasoning that the "rejection of the appraisal request did not amount to bad faith because [the defendant] did not lack a reasonable basis in doing so and, even if it did, there was no showing that [the defendant] knew or recklessly disregarded its lack of reasonable basis.")

The other averments are exactly the sort of mere conclusory allegations routinely dismissed by Courts in this jurisdiction.  *See Shallow v. State Farm Mut. Auto. Ins*. Co., No. CV 20-01336, 2020 WL 1508376 at *2 (E.D. Pa. Mar. 30, 2020) (collecting cases); *see also Myers v. State Farm Mut. Auto. Ins. Co*., No. CV 17-3509, 2017 WL 3891968 (E.D. Pa. Sept. 6, 2017) (same).  For instance, Plaintiffs aver that State Farm conducted an "unfair and unreasonable investigation of Plaintiff's claim" but offer no facts to suggest why the investigation was unreasonable or unfair.  *See Shallow*, 2020 WL 1508376 at *2 (holding the averment that the defendant "failed to properly investigate" an underinsurance claim was deficient because it "fail[ed] to set forth any explanations or descriptions of what Defendant actually did.").

Accordingly, the Court holds that Plaintiffs have failed to state a claim with respect to Count II.  While the dismissal is without prejudice and with leave to amend, the Court notes that any amended complaint "must specifically include facts to address 'who, what, where, when, and how the alleged bad faith conduct occurred.'" *Rosenberg v. Amica Mut. Ins. Co*., No. CV 18-406, 2018 WL 4944396, at *3 (W.D. Pa. July 12, 2018), *report and recommendation adopted*, No. CV 18-406, 2018 WL 4944372 (W.D. Pa. July 30, 2018).

## V. CONCLUSION

For the reasons outlined above, the Court dismisses Counts I and II without prejudice.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
